**FILED**
FEB - 4 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ryan Bagwell (*pro se*)            )
5219 Shorecrest Drive              )
Middleton, WI 53562                )
(608) 466-9195,                    )
                                   )
            *Plaintiff*            )
                                   )   Case: 1:15-cv-00334   ( I Deck )
        v.                         )   Assigned To : Kollar-Kotelly, Colleen
                                   )   Assign. Date : 3/4/2015
U.S. Department of Education       )   Description: FOIA/Privacy Act
400 Maryland Avenue, SW            )
Washington, D.C. 20202,            )
                                   )
            *Defendant*             )

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Ryan Bagwell brings this action against Defendant U.S. Department of Education to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefore, Plaintiff avers the following:

### JURISDICTION AND VENUE

1.  The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.  Venue is proper in this district pursuant to pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(c).

1


RECEIVED
Mail Room
MAR - 4 2015
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## PARTIES

3. Plaintiff Ryan Bagwell is an adult individual residing at 5219 Shorecrest Drive, Middleton, WI, 53562. Plaintiff is the operator of the Penn State Sunshine Fund, a limited liability corporation duly registered in the state of Wisconsin. The Penn State Sunshine Fund seeks to obtain and publish public records pertaining to the government's interaction with, and oversight of, The Pennsylvania State University and its agents.

4. Defendant U.S. Department of Education ("DOE") is an agency of the United States Government with headquarters located at 400 Maryland Avenue, SW, Washington, D.C., 20202. Defendant has possession, custody and control of the records sought by Plaintiff.

## STATEMENT OF FACTS

5. On April 30, 2014, Plaintiff sent a FOIA request to the DOE seeking the following:

    a. all records pertaining to [the] agency's review of The Pennsylvania State University's compliance with the Clery Act that was initiated in November 2011.

    b. all e-mails, letters and documents that were sent or received between November 1, 2011, and December 31, 2012 and were between members of your agency and the following individuals or entities:

- employees of Freeh International Solutions
- employees of The Freeh Group
- employees of the law firm of Freeh, Sporkin & Sullivan, LLP
- employees of the law firm of Pepper Hamilton, LLP
- Louis Freeh (freeh@freehgroup.com)
- Tom Cloud (cloud@freehgroup.com)
- Greg Paw (paw@freehgroup.com)
- any other individual whose email address contains the freehgroup.com domain (i.e. somename@freehgroup.com).

(Exhibit "A").

6. DOE first acknowledged Plaintiff's request by e-mail on May 8, 2014. Therein, DOE informed Plaintiff that his request would (1) "likely be voluminous and costly;" (2) would take more than 20 days to process, and; (3) DOE would be providing documents by way of an unlimited number of interim responses. DOE also asked Plaintiff to specify how much money he was willing to pay for the processing of his request.

7. On May 9, 2014, Plaintiff responded to DOE's letter by seeking a waiver of any fees associated with processing his request.

8. DOE did not immediately respond to Plaintiff's fee-waiver request. Instead, on June 2, 2014, DOE deemed the request an "unusual circumstance," invoked a 10-day extension of time to process the request pursuant to 5 U.S.C. § 552(a)(6)(B), and indicated it would provide an estimate of applicable fees. DOE did not provide a date upon which a final determination would be provided.

9. Plaintiff replied to DOE's letter on June 2, 2014 and inquired about the the status of his fee-waiver request. That day, DOE's Office of Federal Student Aid ("FSA") informed Plaintiff that his request had been forwarded to FSA for processing and that FSA had granted his fee-waiver request.

10. DOE provided its first interim response to Plaintiff on September 3, 2014, attaching four pages of partially-redacted e-mails responsive to item 1 of Plaintiff's request. DOE stated it was continuing to process the remainder of the request. It did not provide a date upon which a final determination would be issued.

11. On November 3, 2014, Plaintiff inquired about the status of his FOIA request. On November 20, 2014, DOE informed Plaintiff that it was attempting to ascertain and provide him with the status of his request. Despite Plaintiff's attempt to obtain the status of his request, DOE did not provide Plaintiff with a status update, nor did it provide a date upon which a final determination would be provided.

12. On January 29, 2015, Plaintiff asked DOE to provide a final response to his FOIA request no later than February 15, 2014.

13. Instead of providing a final response as requested, DOE provided a second interim response on February 12, 2015 containing seven pages of records. It also informed Plaintiff it was continuing to process his request.

14. DOE has not provided a final response to Plaintiff's FOIA request.

15. DOE has not supplied Plaintiff with an estimated date upon which it will provide a final response to plaintiff's FOIA request.

16. Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA request to Defendant DOE.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

17. Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

18. After invoking a 10-day extension of time pursuant to 5 U.S.C. § 552(a)(6)(B)(i), Defendant was required to provide a final determination regarding Plaintiff's FOIA request within 30 business days of its receipt.

19. Therefore, the deadline for Defendant to provide Plaintiff with a final determination was on or about June 11, 2014.

20. Having failed to issue a final determination within the prescribed time limits, Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

21. Plaintiff is being irreparably harmed by Defendant's unlawful withholding of records responsive to Plaintiff's FOIA request, and will continue to be irreparably harmed unless Defendant is made to conform its conduct to the requirements of the FOIA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

1. order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed the search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's request;

2. order Defendant to produce without further delay any and all non-exempt records responsive to Plaintiff's request and a *Vaughn* index of any responsive records withheld under the claim of exemption;

3. enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

4. grant Plaintiff an award of costs of litigation incurred in this action pursuant to 5 U.S.C. 552(a)(4)(E), and;

5. grant Plaintiff other such relief as the Court deems just and proper.

Respectfully submitted,

Ryan Bagwell
5219 Shorecrest Drive
Middleton, WI 53562
608-466-6195
ryan@ryanbagwell.com

Date: 2/28/15