**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

———————————————————— )
                                         )
RYAN BAGWELL,                            )
                                         )
                 Plaintiff,              )
                                         )
        v.                               ) Civil No. 15-cv-00334 CKK
                                         )
U.S. DEPARTMENT OF EDUCATION             )
Washington, DC 20202,                    )
                                         )
                 Defendant.              )
————————————————————)

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, the U.S. Department of Education, by and through its undersigned counsel, hereby answers the Complaint as follows.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the specifically-enumerated paragraphs, as set forth in the Complaint, defendant admits, denies and otherwise avers as follows:

### JURISDICTION AND VENUE

1.   This paragraph sets forth plaintiff's legal conclusions, to which no response is required.

2.    This paragraph sets forth plaintiff's legal conclusions, to which no response is required.

## PARTIES

3.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations in paragraph 3.

4.    Admit, with the exception of the allegations in the last sentence, which consist of plaintiff's legal conclusion to which no response is required.  To the extent that a response may be required, admit that defendant has possession, custody and control over certain records sought by plaintiff.

## STATEMENT OF FACTS

5.    Admit that plaintiff sent a Freedom of Information Act ("FOIA") request dated April 30, 2014, and aver that plaintiff's FOIA request is the best evidence of its contents.

6.    Admit that defendant sent plaintiff an e-mail dated May 8, 2014, and aver that defendant's May 8, 2014 e-mail is the best evidence of its contents.

7.   Admit that plaintiff sent defendant an e-mail on May 9, 2014, and aver that plaintiff's May 9, 2014 e-mail is the best evidence of its contents.

8.   Admit that defendant sent plaintiff a letter dated June 2, 2014, and aver that defendant's June 2, 2014 letter to plaintiff is the best evidence of its contents.

9.   Admit that plaintiff sent an e-mail to defendant on June 2, 2014, and aver that plaintiff's June 2, 2014 e-mail is the best evidence of its contents.   Further admit plaintiff's allegations in the second sentence.

10.   Admit that defendant sent plaintiff a letter dated September 3, 2014, and aver that defendant's September 3, 2014 letter to plaintiff is the best evidence of its contents.

11.   Admit that plaintiff sent an e-mail to defendant on November 3, 2014, and that defendant sent an e-mail to plaintiff on November 20, 2014, and aver that the November 3, 2014 and November 20, 2014 communications between plaintiff and defendant are the best evidence of their contents.

12.   Admit that plaintiff sent an e-mail to defendant on January 29, 2015, and aver that plaintiff's January 29, 2015 communication is the best evidence of its contents.

13.   Admit that defendant sent plaintiff a letter dated February 12, 2015, and aver that defendant's February 12, 2015 letter to plaintiff is the best evidence of its contents.

3

14.   Deny and aver that defendant issued its final response to plaintiff's FOIA request on April 23, 2015.

15.   See response to paragraph 14 above.

16.   This paragraph sets forth plaintiff's legal conclusion, to which no response is required; if a response is deemed required, deny.

**COUNT I**

**(Violation of FOIA, 5 U.S.C. §552)**

17.   Defendant incorporates by reference its responses to paragraphs 1-16 above.

18.   This paragraph sets forth plaintiff's legal conclusions, to which no response is required.  If a response is deemed required, deny.

19.   This paragraph sets forth plaintiff's legal conclusions, to which no response is required.  If a response is deemed required, deny.

20.   This paragraph sets forth plaintiff's legal conclusions, to which no response is required.  If a response is deemed required, deny.

21.   Deny.

## PRAYER FOR RELIEF

The remainder of the Complaint is a prayer for relief to which no answer is required, but insofar as an answer is deemed required, defendant denies that plaintiff is entitled to the requested relief or any relief whatsoever.

Each and every allegation not heretofore expressly admitted or denied is denied.

Respectfully submitted,

VINCENT H. COHEN, JR. D.C. BAR # 471489
Acting United States Attorney

DANIEL F. VAN HORN, D.C. BAR # 924092
Chief, Civil Division

*/Marina Utgoff Braswell*
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2561
marina.braswell@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer was served on plaintiff *pro se* by email and by the U.S. mail, sent to:

> Mr. Ryan Bagwell
> 5219 Shorecrest Dr.
> Middleton, WI 53562

on April 27, 2015.

> */s/ Marina Utgoff Braswell*
> MARINA UTGOFF BRASWELL
> Assistant United States Attorney
> U.S. Attorney's Office, Civil Division
> 555 4th Street, N.W.
> Washington, D.C. 20530