UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RYAN BAGWELL,
    Plaintiff
    v.

U.S. DEPARTMENT OF EDUCATION,
    Defendant

Civil Action No. 15-334 (CKK)

**ORDER**
(September 30, 2015)

    On September 25, 2015, Defendant in the above-captioned case filed a Motion for Summary Judgment. *See* ECF No. 19. Plaintiff is representing himself, *pro se.* In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise *pro se* plaintiffs of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id.* at 509. Subsequently, in *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted by the district judge as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Id.* at 457 (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

    Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 7, a party, such as Plaintiff, who is adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are incorrect are not sufficient. *See* Fed. R. Civ. P. 56(c), (e); LCvR 7(b), (h). For these purposes, a verified complaint shall serve as an affidavit. The relevant sections of Rule 56 are reproduced below.

    *Accordingly, the Court advises Plaintiff that he must respond to Defendant's Motion by November 6, 2015, as stated in the Court's Minute Order dated September 8, 2015. If Plaintiff does not respond, the Court may consider Defendant's Motion for Summary Judgment conceded.*

    Finally, the Court notes that Defendant's Motion for Summary Judgment was submitted one day late. While the Court GRANTS leave for the Motion to be filed one day late, the Court expects all parties to comply with deadlines in this case.

    **SO ORDERED.**

                                                /s/
                                   COLLEEN KOLLAR-KOTELLY
                                   United States District Judge

## **R**ULE **56(**C**) AND (**E**)**

(c) PROCEDURES.

    (1) *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

        (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

        (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

    (2) *Objection That a Fact Is Not Supported by Admissible Evidence*. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

    (3) *Materials Not Cited*. The court need consider only the cited materials, but it may consider other materials in the record.

    (4) *Affidavits or Declarations*. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

. . . .

(e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

    (1) give an opportunity to properly support or address the fact;

    (2) consider the fact undisputed for purposes of the motion;

    (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or

    (4) issue any other appropriate order.