UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN BAGWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 15-0334 CKK |
| | ) |
| U.S. DEPARTMENT OF EDUCATION, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Rule 7(h), defendant, the United States Department of Education ("the Department"), submits this response to plaintiff's statement of material facts as to which there is no genuine issue:

16 (sic).  Plaintiff's one purported statement of fact is in fact a legal conclusion that purports to characterize the contents of the Higher Education Act of 1965, Section 498A (20 U.S.C. § 1099c-1).  This statute speaks for itself and is the best evidence of its contents.

Respectfully submitted,

CHANNING D. PHILLIPS
D.C. BAR # 415793
U.S. Attorney for the District of Columbia


DANIEL F. VAN HORN, D.C. BAR # 924092
Chief, Civil Division

 */s/Marina Utgoff Braswell*
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
555 4th Street, N.W.
Washington, D.C. 20530

(202) 252-2561
marina.braswell@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RYAN BAGWELL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 15-0334 CKK |
| U.S. DEPARTMENT OF EDUCATION, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

PRELIMINARY STATEMENT

In this Freedom of Information Act ("FOIA") case, defendant has moved for summary judgment demonstrating that certain information requested by plaintiff was properly withheld pursuant to various exemptions provided by the FOIA. Plaintiff has opposed and cross-moved for summary judgment, based on misconceptions and speculation unsupported by record evidence.

As demonstrated below, and in defendant's prior memorandum, judgment should be entered in favor of defendant based on the entire record, including the declarations and the Vaughn information describing the withheld documents and information, because there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law.

ARGUMENT

I. Pursuant to Exemption 3, the Department Properly Withheld Information Exempted from Disclosure by Statute

The Department asserted Exemption 3 in conjunction with The Higher Education Act of 1965, Section 498A (20 U.S.C. § 1099c-1). Declaration of Ann Marie Pedersen("Pedersen Decl."), ¶ 5b.

Plaintiff does not dispute that The Higher Education Act of 1965 is plainly a statute that falls within the scope of Exemption 3 because its mandatory language leaves no room for discretion.  <u>Compare</u> Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment ("Defendant's Mem.") at 3 <u>with</u> Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Summary Judgment ("Plaintiff's Mem.") at 4-6.  And, importantly, plaintiff concedes that the Higher Education Act requires the Department to maintain the confidentiality of any program review report until a final program review determination is issued.  Plaintiff's Mem. at 6.

Instead, plaintiff argues that an institution's response to the Department's program review report is not specifically protected by the Higher Education Act, and thus in this case Penn State University's response to the Department's program review report may not be withheld pursuant to this statute and Exemption 3.  Plaintiff's Mem. at 6.  Plaintiff is wrong.

On the contrary, as the Department previously explained in the Pedersen Declaration, "[a]n institution is required to respond in writing to all findings presented in a program review report. to plaintiff's argument."  Pedersen Decl., ¶ 5b.  And as the attached Supplemental Declaration of Ann Marie Pedersen ("Supp. Pedersen Decl.") further explains:

> As set forth in the Program Review Guide cited by the Plaintiff, the Department requires institutions to prepare an institutional response that explicitly addresses all issues identified by the program review report, point by point.  Prog. Rev. Guide, pg. 8-5.  Therefore, releasing the institution's response at this time would implicitly release the underlying program review report by inference, which is prohibited by the statutory provisions cited previously.  Twenty U.S.C. 1099c-1 (b) (8) requires that the Department must 'maintain and preserve at all times the confidentiality of any program review report until the institution response and Final Program Review Determination are issued.'  To release the institution response would directly undermine the confidentiality of the program review report, which is the explicit basis of the institution's response.  Thus, in order to comply with 20 U.S.C. 1099c-1 (b) (8), the Department must withhold any records the release of which would breach the confidentiality of the program review report.

Id, at ¶ 1.

It plainly would undermine 20 U.S.C. § 1099c-1 to require the Department to release an institution's response to a program review report when such a release would be tantamount to releasing the program review report itself, because the information in the program review report is explicitly discussed in the institution's response.  Plaintiff's myopic view of 20 U.S.C. § 1099c-1 is not supported by the FOIA' emphasis on disclosure, given the existence of Exemption 3 of the FOIA which is expressly designed to incorporate the protections of other shield statutes. 5 U.S.C. § 552(b)(3).

The Court, therefore, should uphold the Department's withholdings under Exemption 3 in connection with The Higher Education Act of 1965.

> II.    Pursuant to Exemption 6, 7(C) and 7(D) the Department Properly Withheld Information to Protect Personal Privacy of Individuals Whose Names Appear in the Records, as well as the Identities of, and Information from, Sources Given an Express Promise of Confidentiality.

Plaintiff concedes that the Department may invoke Exemptions 6 and 7(C) to withhold information to prevent an invasion of substantial privacy rights of various people whose names appear in those records, such as student names, social security numbers, and other identifying information.  Plaintiff's Mem. at 7;  see  Pedersen Decl., ¶¶ 5b, 7a.  Plaintiff takes issue with the Department's withholding of crime reports, security incident reports, and victim allegation statements.  Id.; see  Pedersen Decl, ¶ 5b.  Plaintiff argues that these types of records should be produced with the identifying information redacted.  Plaintiff's Mem. at 7.

The Supplemental Pedersen Declaration states that "records at issue, including crime reports, security incident reports, and victim allegation statements, by their nature contain privacy-related information apart from student names and social security numbers that must be

3

protected pursuant to Exemptions 6 and 7(C)." Id. at ¶ 2. Ms. Pedersen further notes that "the records withheld in full which cite Exemptions 6, 7(C) and 7(D) were withheld in full *in conjunction with* all other applicable exemptions." Id. And all information that could be segregated was released. Pedersen Decl., ¶ 8. Plaintiff points to no evidence of error in the Department's showing that the privacy-related information was properly withheld.

As to Exemption 7(D), the sources being protected were given an express promise of confidentiality. Defendant's Mem. at 11-12, *citing* Pedersen Decl., ¶ 7a. Plaintiff cites no authority for his argument that information provided by a source under an express promise of confidentiality must be released. See Plaintiff's Mem. at 12. The law is to the contrary. See Defendant's Mem. at 11-12.

Accordingly, the Department properly withheld under Exemption 7(D) information from sources provided under an express promise of confidentiality.

   III.   Pursuant to Exemption 7(A), the Department and OIG Properly Withheld Information The Release of Which Could Reasonably be Expected to Interfere with Enforcement Proceedings.

   1. Records of the Department's Cleary Act Investigation

Plaintiff argues that the Department's Cleary Act investigation of Penn State University ended with the Department's issuance of its program review report because that marked the end of the Department's investigation into regulatory violations. Plaintiff's Mem. at 9. Plaintiff cites no evidence to support this claim, and in fact, evidence provided by plaintiff – specifically, the Program Review Guide – directly undermines this claim.

The Supplemental Pedersen Declaration explains that:

Plaintiff is inaccurate in his characterization of the investigation as "no longer pending or prospective." Through the time of the final issuance of the Department's Final Program Review Determination, the Department can and will seek and accept additional information from the institution and other sources.

4

> This is specifically detailed in the Program Review Guide at page 8-7.  As such the risk of witness intimidation, destruction of evidence and construction of alibis still reasonably exist.  Further, the release of the records could reasonably be expected to have a chilling effect on future witness testimony.   In sum, the release of the information at issue can still reasonably be expected to harm the open investigation, despite the fact that the program review report has been issued.

Supp. Pedersen Decl., ¶ 3.

The Supplemental Pedersen Declaration demonstrates not only that the investigation remains pending, but also that plaintiff is wrong in his claim that because the target and statutory basis for the investigation has been revealed there can be no harm associated with the release of information pertaining to the investigation.

Revealing the statutory basis for an investigation is not the same thing as revealing the scope of the investigation, nor does plaintiff provide any authority for such a claim.  That is like saying that revealing that an organization is being investigating for violating the False Claims Act is tantamount to revealing the scope of the investigation.  This makes no sense.  There are still numerous details associated with the scope of an investigation that are not revealed by simply identifying the statutory basis for the investigation.

The fact that a target may know about an investigation does not mean that the target, or potential witnesses, know all the evidence the Department has obtained and release of the information could chill witness testimony.  Supp. Pedersen Decl., ¶ 3. Also, contrary to plaintiff's unsupported claim that the information gathering ended in 2013, see Plaintiff's Mem. at 10, in fact the Department continues to seek and accept information from the University and other sources and the release of the withheld information could compromise that ability.  Supp. Pedersen Decl., ¶ 3.

Plaintiff has failed to undermine the Department's showing that information withheld under Exemption 7(A) is associated with open and ongoing investigations and that release of the information withheld could reasonably be expected to interfere with that investigation. Pedersen Decl., ¶ 5a; Supp. Pedersen Decl., ¶ 3.

2.   Records of the Office of the Inspector General ("OIG")

The OIG withheld emails between the OIG, the Federal Bureau of Investigation, and the law firm Pepper Hamilton, LLP during the period March 2012 to July 2012, which discuss record requests and subpoena requests related to an ongoing OIG criminal investigation. Declaration of Shelly Shepherd ("Shepherd Decl."), ¶ 6.  Plaintiff argues that any federal investigation of Penn State University has been concluded.  Plaintiff's Mem. at 11.

The OIG investigation at issue, however, does not concern Penn State University. Supplemental Declaration of Shelly Shepherd ("Supp. Shepherd Decl."), ¶ 1.  Thus, plaintiff's argument misses the mark.

Plaintiff also argues that OIG must disclose the alleged violations to which the emails relate in order to demonstrate there is an on-going investigation.  Plaintiff's Mem. at 10.

On the contrary, as the Supplemental Shepherd Declaration explains:

> While the targets are aware of the investigation, the targets are not publicly known.  In addition to the harms cited in my earlier declaration, release of these records would also identify witnesses who could be subject to harassment, intimidation. Release would reveal the direction and scope of the investigation; it could lead to the premature release of evidence at a time when this matter will be before a grand jury.

Supp. Shepherd Decl."), ¶ 1.   Plaintiff cites no authority for the proposition that the nature of the alleged violations may not be withheld under Exemption 7(A) in order to protect interference with an enforcement proceeding.  See Plaintiff's Mem. at 10-11.  By contrast, the Shepherd

Declaration attests that release of the nature of the matters currently under investigation would in fact interfere with on going enforcement proceedings.  Shepherd Decl., ¶ 6.

Plaintiff also argues that since the targets are aware of the investigation, revealing the targets publicly could not harm the investigation.  Plaintiff's Mem. at 11-12.  Again, plaintiff cites no authority for this claim.  Id.

Plainly revealing targets of the investigation not publicly known could also lead to the disclosure of witnesses, who could be subjected to harassment and intimidation.  See Supp. Shepherd Decl., ¶ 2.  This would obviously interfere with the criminal enforcement proceedings at issue, which was precisely what Exemption 7(A) was designed to prevent.

Thus, the OIG has properly invoked Exemption 7(A).

III.   Pursuant to Exemption 7(E), the Department and OIG Properly Withheld Information the Release of which could Reasonably be Expected to Disclose Techniques and Procedures for Law enforcement Investigations or Prosecutions the Release of which could Reasonably be Expected to Risk Circumvention of the Law

The Department and the OIG invoked Exemption 7(E) to withhold information pertaining to techniques and procedures the disclosure of which would reveal certain investigative activities employed by the Department and the OIG.  In particular, the Department withheld information the release of which would allow the University and other recipients to ascertain the types of information used by the Department to detect invalid campus crime statistics, thereby making it easier for recipients to evade detection.  Pedersen Decl., ¶ 5a.   The OIG withheld search terms used by case agents in the course of the OIG investigation.  Shepherd Decl., ¶ 8.

Plaintiff only challenges the withholding of emails revealing search terms.  Plaintiff's Mem. at 12-13.  Plaintiff argues that the release of search terms would merely show that investigators conducted an electronic search.  Plaintiff' Mem. at 13.  This is patently wrong.

7

Common sense dictates that the release of search terms shows what one is looking for in the course of an electronic search. Disclosure of specific search terms would reveal what is being sought in an investigation, and that could lead to the destruction of evidence that could risk circumvention of the law.

> Additionally, as the Supplemental Pedersen Declaration explains:
>
> Release of the emails and other communications related to this program review would disclose techniques and procedures for law enforcement investigations; specifically, these records contain information about the specific law enforcement tools used to acquire evidence. The Department notes that there are multiple entities who regularly seek out information with regard to the Department's methodologies in an effort to advise institutions, not on better methods for compliance, but rather to identify the most minimum requirements for compliance. It is not in the Department nor the public's interests to have institutions of higher education comply with only the most minimum of requirements for campus security.

Supp. Pedersen Decl., ¶ 4.

Plaintiff argues that the search terms were provided to FSS, a law firm working for the target of the investigation. Plaintiff's Mem. at 13. Plaintiff cites to no support for this claim. Id. Plaintiff is wrong; FSS was not asked to search for information to provide to the Department, Supp. Pedersen Decl., ¶ 5.

Plaintiff has failed to undermine the showing by the Department and OIG that information was properly withheld under Exemption 7( E).

IV. <u>The Department Complied with FOIA's Segregability Requirement.</u>

The Department and OIG have demonstrated that they carefully reviewed the material withheld related to the Penn State University investigation and the separate OIG investigation and determined that no additional non-exempt information could be released because release of the withheld information could reasonably lead to the disclosure of information that is properly protected by the exemption asserted. Pedersen Decl. ¶ 8; Shepherd Decl., ¶ 4.

Plaintiff simply argues that this explanation is inadequate.  Plaintiff's Mem. at 14.  Plaintiff fails to cite any authority to support his claim.  Id.  By contrast, the Pedersen and Shepherd declarations clearly demonstrate that the Department has satisfied the FOIA's segregability requirement.

## CONCLUSION

Accordingly, for all of the reasons set forth above, in defendant's prior memorandum, and in defendant's declarations, defendant respectfully submits that its motion for summary judgment should be granted, and plaintiff's cross-motion for summary judgment should be denied.

CHANNING D. PHILLIPS
D.C. BAR # 415793
U.S. Attorney for the District of Columbia

DANIEL F. VAN HORN, D.C. BAR # 924092
Chief, Civil Division

 /s/Marina Utgoff Braswell
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2561
 marina.braswell@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RYAN BAGWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil No. 15-0334 CKK |
| | ) |
| U.S. DEPARTMENT OF EDUCATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Upon consideration of defendant's motion for summary judgment, plaintiff's opposition and cross-motion for summary judgment, and the entire record in this case, the Court finds that the defendant has properly withheld exempt information and reasonably segregated non-exempt information.  For all these reasons, the Court finds that there are no issues of material fact and defendant United States Department of Education is entitled to judgment as a matter of law.  Therefore, it is hereby

ORDERED that defendant's motion for summary judgment is granted, and it is further

ORDERED that plaintiff's cross-motion for summary judgment is denied.

This is a final, appealable order.

_____
UNITED STATES DISTRICT JUDGE